IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Joseph HUBBARD, <br><br> Plaintiff, <br> v. <br><br> COMCAST CORPORATION, *et al.*, <br><br> Defendants. | Civil No. 18-16090 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants' motion to compel arbitration. (Doc. No. 5.) For the reasons below, Defendant's motion is **DENIED**.

I. **BACKGROUND**

This case involves age discrimination at Comcast Corporation and Comcast Cable Communications Management, LLC ("Defendants"). (Doc. No. 1 ("Compl.").) Comcast hired Plaintiff Joseph Hubbard in January 2014 as a Large Business Enterprise Account Manager. (*Id.* at ¶ 20.) In February 2018, Defendants terminated Plaintiff because he was on a Performance Plan and had poor sales for several months. (*Id.* at ¶¶ 1, 43.) Plaintiff was 63 years old. (*Id.* at ¶ 2.)

Relying largely on allegations that a Comcast Sales Manager displayed an age-related animus toward him, Plaintiff sued Defendants under the Age Discrimination in Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("NJLAD"). (*Id.* at ¶¶ 32–41, 57–69.) Plaintiff alleges that Defendants' reasons for terminating him were a pretext for age discrimination because he is more qualified than younger workers who kept their jobs and who had worse sales numbers than him. (*Id.* at ¶¶ 44, 47.) Plaintiff also alleges that when Comcast

1

terminated younger employees, it found them other positions, but did not do so for Plaintiff. (*Id.* at ¶¶ 48–49.)

Defendants now move to compel arbitration, claiming that Plaintiff signed and received documents that require him to arbitrate claims arising out of the parties' employment relationship. (Doc. No. 5 ("Defs.' Br.") at 1.) Specifically, Defendants claim that Plaintiff signed an offer letter and received a brochure that incorporated Comcast's dispute resolution program for employees, known as Comcast Solutions. (*Id.* at 2–4.) Defendants similarly contend that the brochure urged Plaintiff to consult a Program Guide and FAQ documents that contained additional information about the arbitration provisions. (*Id.* at 8.)

Plaintiff opposes the motion on several grounds. (Doc. No. 6 ("Pl.'s Br.").) Among other things, Plaintiff claims the arbitration provisions that Defendants reference do not constitute a valid or enforceable agreement under New Jersey law and that the Court should allow Plaintiff to take discovery on the validity of the arbitration provisions at issue. (*Id.* at 9–26, 30–32.)

## II. DISCUSSION

Defendants' motion must be denied under the Third Circuit's two-tiered framework for assessing motions to compel arbitration. Under that framework, a court must ensure that: (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the agreement's scope. *See Kirleis v. Dickie, McCarney & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009). Defendants' motion fails at the first step.

In some cases, a court can consider whether the parties agreed to arbitrate under a Rule 12(b)(6) standard without discovery, but in others, it must use a Rule 56 standard after some discovery. As the Third Circuit explained, courts may use a Rule 12(b)(6) standard "without discovery's delay" if the face of the complaint and documents on which it relies clearly show that

2

a party's claim is subject to an enforceable arbitration clause. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013). But the motion to dismiss standard is not appropriate in two scenarios: either when (1) "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate," or (2) "the opposing party has come forth with reliable evidence that is more than a mere naked assertion . . . that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Id.* at 774. In either case, the non-movant "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement." *Id.* at 774 (citing *Deputy v. Lehman Bros., Inc.*, 345 F.3d 494, 511 (7th Cir. 2003)). After discovery, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Id.* at 776.

Under *Guidotti*, the Court cannot decide Defendants' motion without discovery because the Complaint lacks the requisite clarity to establish that the parties agreed to arbitrate Plaintiff's claims. The Complaint contains no reference to the arbitration agreement or Comcast Solutions program; it does not attach the agreement, brochure, or related documents as exhibits; and Plaintiff's ADEA and NJLAD claims are not based on the existence of those documents.

In this situation, courts routinely deny motions to compel arbitration and allow limited discovery on the issue of arbitrability.[1] This should not surprise Defendants, for Judge Goldberg

---

[1] *See, e.g.*, *Schultz v. Midland Credit Mgmt., Inc.*, No. 16-cv-4415, 2019 WL 2083302, at *7 (D.N.J. May 13, 2019); *Torres v. Rushmore Serv. Ctr., LLC*, No. 18-cv-9236, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018); *Sauberman v. Avis Rent a Car Sys., L.L.C.*, No. 17-cv-0756, 2017 WL 2312359, at *2 (D.N.J. May 26, 2017); *Nicasio v. Law Offices of Faloni & Assocs., LLC*, No. 16-cv-0474, 2016 WL 7105928, at *2 (D.N.J. Dec. 5, 2016); *Laudano v. Credit One Bank*, No. 15-cv-7668, 2016 WL 3450817, at *5 (D.N.J. June 22, 2016); *Ross v. CACH, LLC*, No. 14-cv-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015).

recently denied Defendants' motion to compel arbitration on this very basis in a case involving the exact same arbitration program at issue here. *See Miller v. Comcast Corp.*, 17-cv-5803, Doc. No. 16 (E.D. Pa., Sept. 17, 2018).

Defendants' efforts to evade *Guidotti* fall flat. In their view, "all of Plaintiff's arguments are legally foreclosed, and therefore there are no factual issues that would warrant discovery." (Doc. No. 10 ("Defs.' Rep. Br.") at 10.) But this puts the cart before the horse—as explained above, *Guidotti* affords Plaintiff a limited opportunity to develop the record to support its theories of arbitrability. *See Guidotti*, 716 F.3d at 774 ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record."). Defendants next cite two cases and claim that in both, the courts directed arbitration without discovery. (Defs.' Rep. Br. at 10.) But these cases are inapposite here. (*Id.*) One is an opinion of this Court decided before *Guidotti*. (*Id.*) The other is an Eastern District of Pennsylvania decision that is merely persuasive, and not persuasive at that: it focuses only on one of the two circumstances in which a court can decide a motion to compel arbitration without discovery and does not analyze the one that requires it here. (*Id.*)

Accordingly, Defendants' motion to compel arbitration is denied, without prejudice. After limited discovery on whether a valid arbitration agreement exists, the Court will entertain a renewed motion to compel arbitration, if Defendants so choose. *See Guidotti*, 716 F.3d at 776.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is **DENIED**, without prejudice. An appropriate Order shall issue.

Dated: 7/3/2019 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

4